**Order entered April 25, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-01054-CV

**ANTONIO CABALLERO, Appellant**

**V.**

**WILMINGTON SAVINGS FUND SOCIETY, FSB, Appellee**

**On Appeal from the 14th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-19-04357**

## ORDER

We are in receipt of Appellee's November 4, 2021 Motion to Enforce Liability on Supersedeas Bond Pursuant to Tex. R. App. P. 43.5 (Appellee's Motion). Appellee's Motion first asserts that our "Court set a supersedeas bond," but our Court set no bond in this case at any time. Indeed, appellee's supersedeas bond attached to Appellee's Motion is from the 14th Judicial District Court of Dallas. However, even if this Court had set the bond, Appellee's Motion was filed seventy-nine days after our panel opinion—nineteen days after our Court's plenary

period had expired. *See* TEX. R. APP. P. 19.1.[1] For that reason, we dismiss

Appellee's Motion for want of jurisdiction.

/s/     BILL PEDERSEN, III
JUSTICE

---

[1] Pursuant to Texas Rule of Appellate Procedure 19.1, our plenary period expires:

> (a) *60 days after judgment* if no timely filed motion for rehearing or en banc reconsideration, or timely filed motion to extend time to file such a motion, is then pending; or

> (b) 30 days after the court overrules all timely filed motions for rehearing or en banc reconsideration, and all timely filed motions to extend time to file such a motion.

TEX. R. APP. P. 19.1 (emphasis added). Here, neither appellant nor appellees filed any motions for rehearing, en banc reconsideration, or timely filed motion to extend time to file such a motion after the August 17, 2021 date.